```
                                                    U.S. DISTRICT COURT
                                                    DISTRICT OF VERMONT
                                                          FILED
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

2022 OCT 31   AM 10: 31

CLERK
BY _____
DEPUTY CLERK

FRIENDS OF PINE STREET d/b/a
PINE STREET COALITION,
    Plaintiff,

FORTIETH BURLINGTON, LLC,
    Intervenor

V.                                                      Case No. 5:19-cv-95

MAYELA SOSA, in her capacity as Acting
Executive Director of the Federal Highway
Administration; JOE FLYNN, in his capacity
as Secretary of the State of Vermont Agency of
Transportation; and MIRO WEINBERGER, in )
his capacity as Mayor of Burlington,

    Defendants.

## JOINT MOTION FOR ENTRY OF
## CONSENT ORDER IN LIEU OF MOTION FOR PRELIMINARY INJUNCTION

Consistent with the Court's September 23, 2022 Order (ECF Doc. No. 68), this Consent Order memorializes an agreement made by and between Friends of Pine Street (Plaintiff), Fortieth Burlington (Plaintiff Intervenor), and Defendants (collectively hereinafter, "the Parties") as to Project construction pending anticipated resolution of motions for summary judgment on the merits. The Parties hereby stipulate and move this Court to Approve and So- Order the following:

1. The stay of Plaintiff's Preliminary Injunction Motion shall be reinstated, and consistent with F.R.C.P. 65(a)(2) and the Court's July 8, 2022 Order (ECF Doc. No. 54),

Plaintiff remains free to raise the issues raised in its the Preliminary Injunction Motion in conjunction with a determination on the merits. The November 18, 2022 hearing on Preliminary Injunction previously scheduled shall be cancelled.

2. From the date of entry of this Order, to the date upon which a decision on Summary Judgment is issued by this Court,[1] Defendants and their agents, employees and contractors:

> a. Shall conduct no Project activities from Sears Lane north to, and including on or in, Lakeside Avenue, except those required by permit to maintain Erosion Prevention and Sediment Control measures in that area, including but not limited to turf establishment, placement of mulch or matting, repairs of eroded areas, cleaning existing paved surfaces, cleaning or repair of stormwater features associated with the Lakeside Avenue sand filter, and installation, repair, or replacement of barrier fences and inlet protections.

> b. Shall not engage in construction of the new roadway and shared-use path between Sears Lane and Home Avenue except as stated herein:

---

[1] The date by which a decision is currently anticipated is on or before June 10, 2023. Should for any reason the briefing schedule be altered or the time required for decision expand beyond this anticipated date, the parties will work together in good faith to reach an accord as to the extension of the conditions of this Consent Order or, if necessary, to reach other reasonable terms of accord to avoid the need to litigate a Preliminary Injunction. If, after reasonable efforts, the Parties are unable to reach such an accord, plaintiff may lift the stay on the Preliminary Injunction Motion and request hearing thereon after any necessary briefing.

c. May reconstruct Briggs Street so long as connectivity between Briggs and Morse Place is maintained. The Parties understand that limited paving may occur in the course of this reconstruction.

d. May reconstruct Ferguson Avenue and Lyman Avenue so long as connectivity of the western ends of Ferguson Avenue and Lyman Avenue is maintained. The Parties understand that limited paving may occur in the course of this reconstruction.

e. May complete installation of the Englesby Brook box culvert, including embankment fill, and roadway subbase, but shall not pave the roadway. The term "pave" means any paving employing bituminous concrete pavement, including, but not limited to, base courses, intermediate courses, or wearing courses.

f. May complete installation of the large stormwater pond near Englesby Brook including embankment fill, associated drainage infrastructure, and roadway subbase adjacent to the pond; but shall not pave the roadway. The term "pave" means any paving employing bituminous concrete pavement, including, but not limited to, base courses, intermediate courses, or wearing courses.

g. May complete stormwater drainage system installations and upgrades to other existing utilities between and including Sears Lane and Home Avenue, including placement of roadway and shared-use path subbase but shall not pave the roadway or shared-use path. The term "pave" means any paving employing bituminous concrete pavement, including, but not limited to, base courses, intermediate courses, or wearing courses.

h. May engage in the reconstruction of the portion of Flynn Avenue between Foster Street and the western limit of the Project along Flynn Avenue.

i. May reconstruct Batchelder Street and Morse Place under the condition that connectivity between these streets is maintained.

j. May reconstruct the portion of Home Avenue between the eastern and western limits of the Project along Home Avenue.

k. May construct safety improvements/upgrades to rail crossings at Home Avenue and Flynn Avenue.

l. Shall maintain connectivity of the southern end of Pine Street with Queen City Park Road.

m. Shall not open any portion of the C1 section of the Project to vehicular traffic.

n. Shall not open any portion of the newly constructed limited access roadway in the C2 section of the Project to vehicular traffic. Existing connectivity use of Briggs, Batchelder, Ferguson, Morse and Lyman shall remain open to continuing vehicular traffic over existing or reconstructed portions of roadway even where located within the C2 section of the Project, except for temporary interruptions due to other construction or unforeseen emergencies in the area.

3. Within ten days after the Court's signing of this stipulated Order, Defendants shall provide to Plaintiff and Plaintiff-Intervenor documentation of an order to the Project contractor limiting work consistent with the terms of this Stipulation. To help ascertain compliance with the order to the Project contractor, City Defendant shall also provide to Plaintiff and Plaintiff-Intervenor an updated copy of the contractor's construction schedule—in the format of the detailed construction management schedule being used to manage the project (i.e. Gant sheets or similar)—within 7 days from when each update becomes final. The Parties understand and agree that the start dates, sequencing, and duration of the activities in the construction schedule are subject to change at the discretion of the Project contractor so long as the activities comply with the limitations set by this Order.

4. Plaintiff reserves the right to move to enforce this Order prior to issuance by this Court of a decision on Summary Judgment.

Respectfully submitted,

/s/Cindy Ellen Hill, Esq.
Cindy Ellen Hill, Esq.
Hill Attorney PLLC
144 Mead Lane
Middlebury VT 05753
802-989-6906
lawyerhill@yahoo.com
hillattorneypllc@gmail.com
Attorney for Plaintiff Pine Street Coalition

/s/ E. William Leckerling
E. William Leckerling, Esq.
LISMAN LECKERLING, P.C.
84 Pine Street, 5th Floor
Burlington, VT 05402
Tel: (802) 864-5756
Fax: (802) 864-3629
E-mail: wmleckerling@lisman.com

CLARK HILL, PLC
*David G. Ries, Esq.*[*]
dries@clarkhill.com
*Joseph R. Brendel, Esq.*[*]
jbrendel@clarkhill.com
*Vincent M. Roskovensky, Esq.*[*]
vroskovensky@clarkhill.com
Clark Hill PLC
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219-1425
(412) 394-7711
Attorneys for Fortieth Burlington, LLC
*Admitted pro hac vice

NIKOLAS P. KEREST
United States Attorney

By: */s/Benjamin Weathers-Lowin*
BENJAMIN WEATHERS-LOWIN
Assistant United States Attorney
United States Attorney's Office
P.O. Box 570
Burlington, VT 05402
(802) 951-6725
Ben.Weathers-Lowin@usdoj.gov
*Attorney for Defendant Mayela Sosa, in her Official Capacity as Acting Executive Director of the Federal Highway Administration*

SUSANNE R. YOUNG
Attorney General

By: */s/Leslie A. Welts*
LESLIE A. WELTS
Senior Assistant Attorney General
Vermont Agency of Transportation
219 North Main Street, Suite 201
Barre, Vermont 05641
(802) 490-6103
leslie.welts@vermont.gov
*Attorney for Defendant Joe Flynn, in his capacity as Secretary of the Vermont Agency of Transportation*

DUNKIEL SAUNDERS ELLIOT
RAUBVOGEL & HAND, PLLC

By: */s/Jonathan T. Rose*
JONATHAN T. ROSE
P.O. Box 545
Burlington, VT 05402-0545
(802) 860-1003
jrose@dunkielsaunders.com
*Attorney for Defendant Miro Weinberger, in his Capacity as Mayor of the City of Burlington*

# CERTIFICATE OF SERVICE

I hereby certify that on 28 October 2022 I filed the foregoing **PROPOSED CONSENT ORDER IN LIEU OF PRELIMINARY INJUNCTION** in the U.S. District Court of Vermont ECF filing system and thus have served all parties.

/s/Cindy Ellen Hill, Esq.
Hill Attorney PLLC
144 Mead Lane
Middlebury VT 05753
802-989-6906
lawyerhill@yahoo.com
hillattorneypllc@gmail.com

Case No. 5:19-cv-95
Joint Motion for Consent Order 10 28 2022
Page 9 of 9

**In re: Friends of Pine Street v. Sosa *et al.***      **Case No. 5:19-cv-95**

**APPROVED AND SO ORDERED:** _____
                                            **HON. GEOFFREY W. CRAWFORD, Chief Judge**
                                            **United States District Court**

**DATE: 31 October 2022**